Jon W. Green, Esq. (BAR ID #024851984)
**GREEN SAVITS, LLC**
25B Vreeland Road, Suite 207
Florham Park, New Jersey 07932
(973) 695-7777 (jgreen@greensavits.com)
*Attorneys for Plaintiff, Louis Soscia*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOUIS D. SOSCIA, | Civil Action Docket No: |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| MONDO AMERICA INC. a/k/a MONDO USA, | |
| Defendants. | |

Plaintiff, Louis D. Soscia, residing at 67 Humphrey Avenue, Bayonne, New Jersey 07002, by way of Complaint, alleges and says:

**PARTIES**

1. Plaintiff was employed by Defendant Mondo America, Inc. from September 2017 until May 14, 2020.

2. During his entire employment tenure, Plaintiff worked out of his Bayonne, New Jersey home and was a New Jersey employee.

3. Defendant Mondo America Inc. ("Mondo") is a subsidiary of the Italian company Mondo S.p.A. based in Alba, Italy.

4. Defendant Mondo has its corporate headquarters at 2655 Francis Hughes, Laval Quebec, Canada.

5. Defendant Mondo is in the business of fabricating, supplying and some installing

1

in non-residential buildings such as hospitals, schools, science and technology laboratories, museums and other commercial buildings.

6. Plaintiff sold Mondo flooring in New Jersey while employed at Defendant Mondo.

7. Upon information and belief, Defendant Mondo still sells flooring in New Jersey.

## JURISDICTION AND VENUE

8. This claim arose in the District of New Jersey, and thus venue is appropriate under 28 U.S.C. § 1391(b).

9. This Court has diversity jurisdiction over plaintiff's state law claim pursuant to 28 *U.S.C.* §1332(a) and 1367(a). Plaintiff's state law claim exceeds $75,000.00 exclusive of attorney's fees and costs.

## FACTUAL ALLEGATIONS

10. Plaintiff became employed as a Regional Sales Manager and Business Unit Manager with Defendant Mondo on or about September 17, 2017.

11. His sales territory when he began employment in 2017 were in the states of New Jersey, New York, Connecticut and Massachusetts.

12. During his employment tenure, Plaintiff performed up to the reasonable expectations of Defendant Mondo.

13. Starting in February 2019, Plaintiff's superiors were made aware of Plaintiff's medical condition regarding his kidneys.

14. Plaintiff's sales territory was reduced to New York and New Jersey in November 2019.

15. At the end of 2019, Plaintiff's superior, V.P. Scott Macrury commended Plaintiff's performance and told him, "keep up the momentum, Lou".

16. Going into January 2020, Defendant Mondo recognized Plaintiff as one of its top sales reps in status, orders, pipeline, and momentum.

17. In February 2020, Plaintiff received a salary pay raise of $4000 plus a Partial Bonus for 2019.

18. Plaintiff had in place a substantial pipeline of new sales in the amount of $1.97million for the Boston region when his duties were shifted to the New York metropolitan region, i.e., New Jersey and New York, starting in November 2019.

19. Plaintiff further updated in writing to his superiors on December 8, 2019, and then on February 4, 2020, that his kidney condition was worsening and needed further medical treatment.

20. By May 2020, Plaintiff had already met or exceeded two out of three sales objectives for 2020 that including not limited to "sum of expected revenue" (SER).

21. During the week of May 14, 2020, Plaintiff was experiencing increased discomfort due to his kidney condition.

22. After seeking medical attention, Plaintiff learned that he would have to take time off to treat his worsening kidney condition.

23. He informed Defendant Mondo's HR Josianne Dubois located in Quebec via email on May 14, 2020, the following:

> "I received some news from metabolic lab tests (kidney doctor) yesterday, that my creatinine (kidney function), apparently has gone down significantly in the last 6 weeks or so, roughly 68% of kidney (or 4.2 creatinine) function. They are not sure what it is at this point, hopefully just stress related, hydration, or not known if something more acute / chronic. I have to go back Friday this week. That said, with this issue, and particularly with the current COVID environment, I may or likely will take some much due holiday/ vacation. I pretty much haven't taken a holiday in two years (despite 3 weeks annual), and may use some time to hopefully get some rest, relaxation and see what I can do personally and medically to get my medical issue/kidney on the right track.

3

    I am hopeful that perhaps some rest, mediation can help alleviate, if stress is the issue, which may be causing additional kidney performance problem. I will communicate further on this after this Friday, May 15 appointment.

    Coincidently, this health system, Memorial Sloan Kettering, where I am a case-study (cancer), is a new target account for us at Mondo and I visited this client this week as well for Mondo project business.

    Thank you, Josianne."

24.    Ms. Dubois responded via email about 25 minutes later on May 14 with the vacation time he was entitled to and that he should speak with Scott Macrury and Nancy Turcotte "about your needs."

25.    Approximately 15-20 minutes after Ms. Dubois sent her email to Plaintiff, Mr. MaCrury phoned Plaintiff and informed him that he was fired. During this phone call, Plaintiff informed Mr. Macrury that he would probably have to be hospitalized.

26.    On May 15, 2020, Plaintiff and Mr. Macrury exchanged emails. In his first email that day, Plaintiff explained that he was in the hospital for tests and made a severance offer. Mr. Macrury responded via email that Plaintiff's offer was not acceptable, and that Plaintiff should accept Defendant Mondo's offer. Plaintiff responded that same day that he was being hospitalized for kidney failure and would get back to Mr. Macrury when he was discharged from the hospital.

27.    Mr. Macrury ignored Plaintiff's implicit suggestion that negotiations resume after Plaintiff was discharged from the hospital and insisted on carrying on negotiations the following Tuesday, May 19, 2020, knowing full well that Plaintiff was hospitalized. He gave Plaintiff until 4pm that day to respond.

28.    Plaintiff's medical insurance was discontinued on May 14, 2020 without any notice to Plaintiff. Plaintiff did not find out that his medical insurance until a couple weeks later.

4

# FIRST COUNT
## (NEW JERSEY LAW AGAINST DISCRIMINATION)

29. Plaintiff repeats and re-alleges the allegations ser forth in Paragraphs 1 through 30, as though set forth herein.

30. Defendant Mondo refused to engage in a dialogue in order to accommodate Plaintiff's requests for time off in May 2020 to treat his medical condition.

31. Instead, Defendant Mondo fired Plaintiff upon learning that he needed time off to treat his medical condition.

32. Plaintiff's disability was a factor that made a difference in Defendant Mondo's decision to fire Plaintiff.

33. Defendant Mondo's conduct violated the New Jersey Law Against Discrimination, *N.J.S.A.* §10:5-1 et seq.

34. As a result, Plaintiff suffered monetary damages in the form of lost wages and monetary benefits and emotional distress damages.

35. Defendant Mondo's conduct was egregious and/or in reckless disregard of Plaintiff's legal rights under the New Jersey Law Against Discrimination.

WHEREFORE, Plaintiff Louis Soscia demands judgment be entered against Defendant Mondo America, Inc., for the following relief:

a) Lost earnings and benefits;

b) Emotional distress damages;

c) Punitive damages;

d) Statutory interest;

e) Reasonable attorney's fees pursuant to *N.J.S.A.* §10:5-27.1; and

f) Such equitable relief that this Court deems equitable and just.

                                                 **GREEN SAVITS, LLC**
                                                 *Attorneys for Plaintiff, Louis Soscia*

                                                 *s/ Jon W. Green*
                                  By:_____
                                            Jon W. Green

Dated:  June 30, 2021

## DEMAND FOR TRIAL BY JURY

Plaintiff, Louis Soscia, hereby demands a trial by jury for all issues so triable.

                                               **GREEN SAVITS, LLC**
                                                 *Attorneys for Plaintiff, Louis Soscia*

                                               *s/ Jon W. Green*
                                  By:_____
                                              Jon W. Green

Dated:   June 30, 2021